IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01169-BNB

JUAN DIEGO HOWELL,

    Applicant,

v.

ATTORNEY GENERAL, State of Colorado,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED PLEADING

    Applicant, Juan Diego Howell, initiated this action by filing *pro se* a Petition for Writ of Federal Habeas Corpus (ECF No. 1). On July 10, 2012, Mr. Howell filed an amended habeas corpus application on the proper form (ECF No. 12). Mr. Howell seeks relief pursuant to 28 U.S.C. § 2254. He is challenging the validity of his conviction in Weld County District Court case number 07CR868.

    The court must construe the amended application liberally because Mr. Howell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Howell will be ordered to file a second amended application if he wishes to pursue his claims in this action.

    The court has reviewed the amended application and finds that it is deficient because Mr. Howell fails to provide a clear statement of each of the three claims he is asserting. With respect to his first and third claims for relief, Mr. Howell fails to allege

specific facts in support of those claims that demonstrate his federal constitutional rights were violated.  Mr. Howell alleges in his first claim that his Sixth Amendment right to a speedy trial was violated, but he fails to allege specific facts addressing the four factors that must be balanced in assessing whether a criminal defendant's constitutional right to a speedy trial has been violated.  *See Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). Similarly, Mr. Howell alleges in his third claim that his Sixth Amendment right to counsel was violated because counsel allegedly lied to him and misinformed him, but he fails to allege specifically what counsel lied about or how counsel misinformed him and he fails to explain how counsel's alleged lies and misinformation violated his constitutional right to counsel.

Mr. Howell's second claim also lacks specific factual allegations that would support a cognizable claim for relief.  In addition, Mr. Howell fails to provide a clear statement of the specific federal constitutional claim he is asserting in his second claim. Although Mr. Howell labels his second claim as a due process claim, his allegations in support of the second claim consist solely of the following disparate and conclusory assertions:

> Applicant was charged with [the] offense of Escape class 3
> Felony <u>after</u> being "resentenced" for the same incident.
> Judge had no Authority to Grant D.A. to file charges Directly.
> All Evidence was not disclosed to Applicant.  There [are]
> False and misleading jury Instructions.  Rules of Criminal
> Procedure were ignored.  There is [an] Ex Post Facto law
> Violation that clearly shows Applicant is being punished for
> [an] Act, as crime, [an] Act previously committed which was
> innocent when done, which makes punishment more severe.
> The information Violates Due Process rights.  Record
> reflects facts.  Rights were Denied under U.M.D.DA. and
> Process was violated.  There is false paperwork, copies that
> are different, Fraudulent Plea Agreement, Applicant's case

>file is incorrect, P.S.I. is incorrect.  Applicant stood Trial for
>wrong offense.

(ECF No. 12 at 6.)  Even construing the second claim liberally, the court is unable to ascertain what specific constitutional claim is being made.

To avoid any confusion regarding his claims in this action, Mr. Howell will be directed to file an amended pleading that identifies clearly both the specific federal constitutional claims he is asserting and the specific facts that support each individual claim.  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Howell must "specify all [available] grounds for relief" and "state the facts supporting each ground."  Mr. Howell is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Howell file a second amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Howell shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Howell fails to file a second amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED July 13, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge