IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01169-BNB

JUAN DIEGO HOWELL,

    Applicant,

v.

ATTORNEY GENERAL, State of Colorado,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Juan Diego Howell, initiated this action by filing *pro se* a Petition for Writ of Federal Habeas Corpus (ECF No. 1) challenging the validity of a state court criminal conviction. On July 10, 2012, Mr. Howell filed on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 12). On July 13, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Howell to file a second amended application that clarifies the claims he is asserting. On August 9, 2012, Mr. Howell filed a second amended application for a writ of habeas corpus (ECF No. 16). He is challenging the validity of his conviction and sentence in Weld County District Court case number 07CR868.

On August 10, 2012, Magistrate Judge Boland ordered Respondent to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondent intends to raise either or both of those defenses in this

action. On August 27, 2012, Respondent filed a Pre-Answer Response (ECF No. 20). Mr. Howell has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the second amended application liberally because Mr. Howell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Howell was convicted of escape following a jury trial. *See People v. Howell*, No. 09CA0040 (Colo. App. Sept. 9, 2010) (ECF No. 20-9). The Colorado Court of Appeals provided the following description of Mr. Howell's offense and the trial court proceedings that resulted in his conviction:

> In a previous case, defendant was convicted of aggravated driving with a revoked license and possession of a schedule II controlled substance, both class six felonies. Defendant was sentenced to community corrections for those convictions. Before he completed his sentence, defendant left community corrections and did not return. Shortly thereafter, police arrested defendant and he was resentenced to the Department of Corrections (DOC).
>
> On May 1, 2007, the People charged defendant with escape, a class three felony. On October 2, 2007, the trial court advised defendant of the charge against him. At that hearing, defendant alleged the DOC superintendent violated the Uniform Mandatory Disposition of Detainers Act (UMDDA) by failing to notify him in writing of the charge against him. The trial court held a hearing to address that allegation on October 24, 2007. After that hearing, the trial court concluded the UMDDA required the superintendent to notify defendant of the charge only after the state filed a detainer against defendant with DOC. The state had not filed such a detainer. Therefore, the trial court denied

> defendant's motion.
>
> After the UMDDA hearing, the state filed a "Detainer Notice/Advisement of Rights" against defendant with DOC. However, defendant refused to sign it.
>
> In December 2007, defendant pled guilty to a lesser escape offense. However, the trial court allowed him to withdraw that plea a month later. At his request, the trial court allowed him to proceed pro se to jury trial. After trial, the jury found defendant guilty of escape.

(ECF No. 20-9 at 3-4.) The judgement of conviction was affirmed on direct appeal. (*See id.*) On March 28, 2011, the Colorado Supreme Court denied Mr. Howell's petition for writ of certiorari on direct appeal. (*See* ECF No. 20-5.)

On August 17, 2011, Mr. Howell filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 20-1 at 6.) On August 26, 2011, the trial court denied the Rule 35(c) motion. (*See* ECF No. 20-4.) On October 6, 2011, Mr. Howell filed in the trial court a petition for writ of habeas corpus that was denied on October 14, 2011. (*See* ECF No. 20-1 at 6.) Also in October 2011, Mr. Howell filed a notice of appeal from the trial court's August 26, 2011 order denying his Rule 35(c) motion. (*See id.*) According to Respondent, that appeal remains pending.

Mr. Howell initiated the instant action on May 4, 2012. In the second amended application filed on August 9, 2012, he asserts three claims for relief. Mr. Howell alleges in his first claim that his Sixth Amendment right to a speedy trial was violated. In his second claim, which he postures as a due process claim, he alleges his rights were violated because of the following: the trial court and the prosecution failed to follow proper procedures under state law; improper jury instructions; insufficient evidence;

failure to comply with the UMDDA; and improperly being charged with escape after being resentenced to prison in his prior case. Mr. Howell contends in his third claim that various counsel who represented him were ineffective and that, because counsel lied to him and misadvised him about the plea agreement, he was forced to represent himself at trial.

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). However, Respondents do raise the affirmative defense of exhaustion of state court remedies. More specifically, Respondents contend that Mr. Howell has failed to exhaust state remedies for any of his claims.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

4

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court notes initially that Mr. Howell did not fairly present any federal constitutional claims to the state appellate courts in the state court postconviction proceedings. With respect to the postconviction Rule 35(c) motion, Mr. Howell cannot have exhausted any federal constitutional claims because his appeal from the denial of that motion still is pending in the Colorado Court of Appeals. With respect to the state court habeas corpus petition, Mr. Howell cannot have exhausted any federal constitutional claims because he did not appeal from the order denying that petition. Therefore, if Mr. Howell has exhausted state remedies for any of his federal constitutional claims, he must have exhausted state remedies on direct appeal.

The Court has examined Mr. Howell's opening brief on direct appeal and finds that he did not raise in the opening brief any federal constitutional claims. Instead, Mr. Howell claimed on direct appeal only that his rights under the UMDDA were violated and that the escape statute under which he was charged and convicted does not prohibit his conduct. Although Mr. Howell makes similar allegations as part of his due process

5

claim in the second amended application, he did not fairly present to the state courts on direct appeal a federal claim that his constitutional right to due process was violated. Therefore, the Court finds that Mr. Howell also did not exhaust state remedies for any federal constitutional claims on direct appeal.

For these reasons, the Court concludes that Mr. Howell fails to demonstrate he has exhausted state remedies for any of his federal constitutional claims in this action. As a result, the action must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1), the amended application (ECF No. 12), and the second amended application (ECF No. 16) are denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of   September  , 2012.

BY THE COURT:


  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court